UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

WELLS FARGO BANK, N.A., AS TRUSTEE
FOR THE REGISTERED HOLDERS OF
CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.,
COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2005-
C2, BY AND THROUGH ITS SPECIAL
SERVICER, CWCAPITAL ASSET
MANAGEMENT LLC,

   Plaintiff,

   v.

390 PARK AVENUE ASSOCIATES, LLC;
ABY J. ROSEN; MICHAEL FUCHS;
HARRY LIS; SELL-MAR ENTERPRISE
INC.; GOTHAM LIGHTING SUPPLY; A-
VAL ARCHITECTURAL METAL III LLC;
STATE OF NEW YORK DEPARTMENT OF
TAXATION AND FINANCE; NEW YORK
CITY DEPARTMENT OF FINANCE; NEW
YORK CITY CRIMINAL COURT; NEW
YORK CITY ENVIRONMENTAL
CONTROL BOARD; NEW YORK CITY
WATER BOARD; "JOHN DOE"; "MARY
ROE"; AND "XYZ CORPORATION" (the
latter three names being fictitious but intending
to designate tenants residing at or persons
having an interest in the premises described in
the Complaint herein),

   Defendants.

------------------------------------------------------------x

Case No.:

**COMPLAINT
FOR FORECLOSURE
OF A LEASEHOLD MORTGAGE**

  Plaintiff Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-C2 (the "Plaintiff"), acting by and through its Special Servicer CWCapital Asset Management LLC (the "Special Servicer"), for its Complaint, alleges as follows:

## PARTIES

1. Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association with its main office in Sioux Falls, South Dakota.

2. Defendant 390 Park Avenue Associates, LLC ("Borrower") is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, and, upon information and belief, has its principal office at c/o RFR Holding LLC, 390 Park Avenue, 3rd Floor, New York, New York 10022. Borrower is named as a defendant to extinguish all estate, right, title, or interest it holds in and to certain real property commonly known as The Lever Building located at 390 Park Avenue, New York, New York (the "Premises"), including Borrower's leasehold estate created under the Ground Lease, as defined herein (the "Land"), and the fixtures, improvements, equipment, and related personal property located thereon (the "Personal Property," and together with the Land, as more particularly described in the Mortgage (defined herein) attached as **Exhibit C**, the "Property"), and to determine its liabilities and obligations under the "Loan Documents," as more fully defined and described herein.[1]

3. Defendant Aby J. Rosen ("Mr. Rosen") is a natural person having an address at c/o RFR Holding LLC, 390 Park Avenue, 3rd Floor, New York, New York 10022. Mr. Rosen is being named as a defendant solely to preserve Plaintiff's right to seek a deficiency judgment or any other amounts owed on account of Mr. Rosen's liability and obligations under the Guaranty Agreement (defined below).

4. Defendant Michael Fuchs ("Mr. Fuchs") is a natural person having an address at c/o RFR Holding LLC, 390 Park Avenue, 3rd Floor, New York, New York 10022. Mr. Fuchs is being named as a defendant solely to preserve Plaintiff's right to seek a deficiency judgment or

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them elsewhere in this Complaint or in the Loan Documents, as defined herein.

any other amounts owed on account of Mr. Fuch's liability and obligations under the Guaranty Agreement (defined below).

5. Defendant Harry Lis ("Mr. Lis" and together with Mr. Rosen and Mr. Fuchs, the "Guarantors") is a natural person having an address at c/o RFR Holding LLC, 390 Park Avenue, 3rd Floor, New York, New York 10022. Mr. Lis is being named as a defendant solely to preserve Plaintiff's right to seek a deficiency judgment or any other amounts owed on account of Mr. Lis' liability and obligations under the Guaranty Agreement (defined below).

6. Defendant Sell-Mar Enterprise Inc. ("Sell-Mar"), a New York corporation, having an address at 1760 Jerome Avenue, Bronx, New York 10453, is named as a defendant due to a mechanic's lien in the amount of $2,207.87 filed September 25, 2014.

7. Defendant Gotham Lighting Supply ("Gotham"), a New York company, having an address at 1786 East 49th Street, Brooklyn, New York 11209, is named as a defendant due to a judgment in the amount of $18,791.82 filed September 24, 2010.

8. Defendant A-Val Architectural Metal III LLC ("A-Val"), a New York limited liability company, having an address at 240 Washington Street, Mount Vernon, New York 10553, is named as a defendant due to a mechanic's lien in the amount of $44,000.00 filed February 6, 2015.

9. The State of New York Department of Taxation and Finance, an agency and/or instrumentality of the State of New York, having a designated address for service of process at c/o Office of Counsel, Building 9, W A Harriman Campus, Albany, New York 12227, is named as a defendant due to possible unpaid taxes in connection with the Property.

10. The New York City Department of Finance, an agency and/or instrumentality of the City of New York, having a designated address for service of process at the Manhattan

Business Center, 66 John Street, Room 104, New York, New York 10038, is named as a defendant due to possible unpaid amounts that may be owed in connection with the Property.

11. The New York City Criminal Court, an agency and/or instrumentality of the City of New York, with an address at 346 Broadway, New York, New York 10013, is named as a defendant for the purpose of foreclosing any unpaid judgments related to the Property.

12. The New York City Environmental Control Board, an agency and/or instrumentality of the City of New York, with an address at 66 John Street, 10th Floor, New York, New York 10038, is named as a defendant due to possible unpaid amounts that may be owed in connection with the Property, including but not limited to violation # 034818431Y in the amount of $2,500, violation # 0179897520 in the amount of $1,000, violation # 012033395H in the amount of $5,000, violation # 012031673J in the amount of $5,000 and violation # 038181102N in the amount of $350.

13. The New York City Water Board, an agency and/or instrumentality of the City of New York, with an address at 59-17 Junction Boulevard, 8th Floor, Flushing, New York 11373, is named as a defendant due to possible unpaid amounts that may be owed in connection with the Property.

14. Defendants "JOHN DOE," "MARY ROE," and "XYZ CORPORATION," constitute persons and entities who may be in possession of, or may have possessory liens or other interests, which possessory liens or other interests, if any, are subordinate to the mortgage being foreclosed herein.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

16. Wells Fargo is a national banking association and, pursuant to 28 U.S.C. § 1348, is a citizen and resident of South Dakota.

17. Based on the Plaintiff's investigation, upon information and belief, none of the defendants is a citizen or resident of the State of South Dakota.

18. This Court has personal jurisdiction over the Defendants.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is located in the Southern District of New York.

## FACTS

### The Ground Lease

20. Borrower, as Tenant, and 390 Tower Associates LLC and 390 Tower Associates, as Landlord, are parties to that certain Restated and Amended Agreement of Lease dated as of December 18, 1998, as modified by that certain First Amendment of Lease dated October 10, 2000 and that certain Second Amendment of Lease dated March 19, 2001 (collectively, the "Ground Lease"), pursuant to which Borrower operates the Premises as a commercial office building on the Land.

### The Loan and Loan Documents

21. On or about March 9, 2005, Borrower, as obligor, duly executed, acknowledged, and delivered to Column Financial, Inc. ("Original Lender"), as obligee, a Consolidated, Amended and Restated Promissory Note (the "Note"). A true and correct copy of the Note is

5

attached hereto as **Exhibit A**. The Note consolidated certain pre-existing promissory notes executed by Borrower into the single Note and obligated Borrower to pay Original Lender, its successors or assigns, the total principal sum of $110,000,000, plus interest and other amounts (collectively, the "Loan") as specified in that certain Loan Agreement dated March 9, 2005 (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B**.

22. On or about March 9, 2005, Borrower, as obligor and mortgagor, for the purpose of securing payment for the Loan, executed and delivered to Original Lender, as obligee and mortgagee, a Consolidated, Amended and Restated Leasehold Mortgage and Security Agreement (the "Mortgage"). The Mortgage consolidated certain pre-existing mortgages to create a single first-priority mortgage lien on the Property and granted a security interest in the Property, including all of Borrower's right, title, and interest in and to the leasehold estate created under the Ground Lease, to Original Lender, its successors or assigns, to secure Borrower's Loan obligations, including its obligations under the Note and Mortgage. Under the Mortgage, Borrower also assigned all of Borrower's interest in and to, among other things, all leases and rents derived from the Property to Original Lender.

23. The Mortgage was duly filed and recorded in the Office of the City Register of the City of New York, in the county in which the Property was then and is now situated, on April 28, 2005, under City Register File Number 2005000247542 and Document Identification Number 2005031500311006. The block and lot indexing for the Property is as follows: Block 1289, Lot 36, Borough of Manhattan. A true and correct copy of the Mortgage is attached hereto as **Exhibit C**.

24. Upon information and belief, any applicable recording tax was duly paid at the time of recording the Mortgage.

25. To further secure repayment of the Loan, Borrower and Original Lender entered into that certain Assignment of Leases and Rents dated March 9, 2005 (the "ALR"), which was duly filed and recorded in the Office of the City Register of the City of New York, in the county in which the Property was then and is now situated, on April 28, 2005, under City Register File Number 2005000247543 and Document Identification Number 2005031500311007. A true and correct copy of the ALR is attached hereto as **Exhibit D**.

26. Original Lender's lien and security interest in the Property was properly perfected pursuant to a UCC Financing Statement, which was duly filed with the Office of the City Register of the City of New York on April 28, 2005, under City File Register Number 2005000247547 and Document Identification Number 2005031500311011, and with the Delaware Department of State U.C.C. Filing Section on March 28, 2005, under Initial Filing Number 5094225 1 (collectively, the "Financing Statements"). True and correct copies of the Financing Statements are attached hereto as **Exhibits E** and **F**.

27. As an inducement for Original Lender to make the Loan, on or about March 9, 2005, Borrower and Guarantors executed a Guaranty Agreement (the "Guaranty Agreement") in favor of Original Lender and its successors or assigns pursuant to which the Guarantors agreed, in their personal capacity as primary obligors, to irrevocably and unconditionally guarantee the payment and performance of certain obligations defined in the Guaranty Agreement (the "Guaranteed Obligations").

28. The Note, Loan Agreement, Mortgage, ALR, Financing Statements, Guaranty Agreement, Allonge (as defined below), Mortgage Assignment (as defined below), ALR

Assignment (as defined below), and General Assignment (as defined below), together with all other documents and agreements created or contemplated thereunder, shall collectively be referred to herein as the "<u>Loan Documents</u>."

**<u>Assignments of the Loan and Loan Documents</u>**

29. Original Lender transferred its interest in the Note to Plaintiff pursuant to an Allonge (the "<u>Allonge</u>"). A true and correct copy of the Allonge is attached to the Note, which is attached hereto as **Exhibit A**.

30. Pursuant to an Assignment of Consolidated, Amended and Restated Leasehold Mortgage and Security Agreement (the "<u>Mortgage Assignment</u>"), which was duly filed and recorded in the Office of the City Register of the City of New York on April 24, 2007, under City File Register Number 2007000211845 and Document Identification Number 2007041000874001, Original Lender assigned its interest in the Mortgage to Plaintiff. A true and correct copy of the Mortgage Assignment is attached hereto as **Exhibit G**.

31. Pursuant to an Assignment of Assignment of Leases and Rents (the "<u>ALR Assignment</u>"), which was duly filed and recorded in the Office of the City Register of the City of New York on January 11, 2007, under City File Register Number 2007000021543 and Document Identification Number 2006121801896002, Original Lender assigned its interest in the ALR to Plaintiff. A true and correct copy of the ALR Assignment is attached hereto as **Exhibit H**.

32. Pursuant to a General Assignment effective as of May 26, 2005 (the "<u>General Assignment</u>"), the Original Lender assigned its interest in the Loan Agreement and the Guaranty Agreement to the Plaintiff. A true and correct copy of the General Assignment is attached hereto as **Exhibit I**.

33. Pursuant to a UCC Financing Statement Amendment filed with the Office of the City Register of the City of New York on January 11, 2007 under City File Register Number 2007000021542 and Document Identification Number 2006121801896001, and the Delaware Department of State U.C.C. Filing Section on July 11, 2007 under File Number 20072618659 (collectively, the "Financing Statement Assignments"), Plaintiff was substituted in the place of Original Lender as the party of record with respect to Original Lender's lien and security interest in the Property. True and correct copies of the Financing Statement Assignments are attached hereto as **Exhibits J** and **K**.

34. The lien and security interest in the Property remains perfected pursuant to UCC Financing Statement Amendments filed with (a) the Office of the City Register of the City of New York on (i) November 13, 2009 under City File Register Number 2009000372873 and Document Identification Number 2009111000316001, and (ii) November 20, 2014 under City File Register Number 2014000385878 and Document Identification Number 2014111800882001; and (b) the Delaware Department of State U.C.C. Filing Section on (i) November 9, 2009 under File Number 20093590921, and (ii) October 20, 2014 under File Number 20144202958 (collectively, the "UCC Continuations"). The UCC Continuations are attached hereto as **Exhibits L, M, N** and **O**.

35. As a result of the foregoing assignments, Plaintiff is the valid transferee and current holder of the Note, Mortgage, and all other Loan Documents. CWCapital Asset Management LLC is the Special Servicer of the Loan, and in that capacity has the right to initiate, prosecute, and maintain this action on behalf of Plaintiff, as transferee and holder of the Loan Documents.

**The Loan Default**

36. Pursuant to Article I of the Note, the Borrower agreed that "the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date."

37. The Loan Agreement defines Maturity Date as "March 11, 2015, or such other date on which the final payment of principal of the Note becomes due and payable as therein or herein provided, whether at such stated maturity date, by declaration of acceleration, or otherwise." See Ex. B (Loan Agreement) § 1.1, at p.11.

38. Borrower failed to pay the outstanding balance of the principal sum of the Note together with all accrued and unpaid interest thereon on or before March 11, 2015 (the "Maturity Default") and, pursuant to Article II of the Note and Section 8.1(a)(i) of the Loan Agreement, that failure constituted an Event of Default under the Loan Documents.

39. By letter dated March 19, 2015 (the "Default Notice"), Borrower was provided written notice that it was in default under the terms of the Loan Documents for its failure to repay the Loan in full prior to the stated Maturity Date. A true and correct copy of the Default Notice is attached hereto as **Exhibit P**.

40. Borrower has failed to pay the Loan in full and remains in default under the Loan Documents.

## CAUSE OF ACTION
(Foreclosure of the Mortgage)

41. Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

42. The Maturity Default constitutes an Event of Default under the Loan Documents.

43. By virtue of the Maturity Default, the outstanding principal balance of the Loan, all accrued and unpaid interest thereon and all other sums owing under the Loan Documents are currently due and payable.

44. Pursuant to the Loan Documents and applicable law, the unpaid balance of Borrower's obligations under the Loan Documents, calculated through November 11, 2016, totals more than $98,522,971.11, and includes the unpaid principal amount of approximately $91,881,348.11, default interest from March 11, 2015 to November 11, 2016 in the amount of approximately $6,579,629.77, late fees in the amount of approximately $61,993.23, less certain amounts held in suspense, reserve or escrow accounts. Attorneys' fees and costs, due diligence report costs, title charges, and other amounts due and owing pursuant to the Loan Documents and applicable law continue to accrue. Interest accrues at the rate of 5.526% per annum and default interest accrues at the additional rate of 4.00% per annum, for a cumulative rate of 9.526% per annum.

45. In order to protect its security, Plaintiff may be compelled during the pendency of this action to pay charges affecting the Property. Plaintiff requests that any sums paid by it for said purposes, together with interest thereon and any other amounts due under the Loan Documents as a result thereof, be added to the sums otherwise due under the Loan Documents.

46. Subsequent to the Maturity Default, Borrower has failed to pay the full outstanding principal balance of the Loan, all accrued and unpaid interest thereon, and all other sums owing under the Loan Documents.

47. Section 7.1 of the Mortgage provides, in relevant part:

**Remedies**.  Upon the occurrence and during the continuance of any Event of Default, Borrower agrees that Lender may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the Property, including, but not limited to the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Lender may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender:

\*\*\*

(b) institute proceedings, judicial or otherwise, for the complete foreclosure of this Mortgage under any applicable provision of law, in which case the Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner;

\*\*\*

(g) apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any guarantor, indemnitor with respect to the Loan or of any Person liable for the payment of the Debt….

Ex. B (Mortgage), §§ 7.1(b) and (g).

48. Section 10.13 of the Loan Agreement provides, in relevant part:

(a) Borrower covenants and agrees to pay or, if Borrower fails to pay, to reimburse, Lender upon receipt of notice from Lender for all reasonable costs and expenses (including reasonable attorneys' fees and disbursements) incurred by Lender in connection with . . . (vi) enforcing any obligations of or collecting any payments due from Borrower under this Agreement, the other Loan Documents or with respect to the Property . . . .

Ex. E (Loan Agreement), § 10.13(a)(vi).

49. The Loan Documents, including Sections 7.1 and 9.3 of the Mortgage, Articles II and VI of the Note, and Section 10.11 of the Loan Agreement, do not require that Plaintiff provide Borrower with notice of an Event of Default, and Borrower expressly waived its right to receive notice of an Event of Default or the exercise of any remedies by Plaintiff as a result thereof. Nevertheless, the Special Servicer, on Plaintiff's behalf, provided Borrower with written notice of the Maturity Default on March 19, 2015.

50. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage, or for recovery of the sum secured by the Note and Mortgage or any part thereof.

51. All conditions precedent necessary to bring forth the claim(s) set forth herein have been satisfied.

52. Plaintiff requests that in the event that this action proceeds to a judgment of foreclosure and sale, the Property be sold subject to the following:

(a) Any state of facts that an inspection of the Property would disclose;

(b) Any state of facts that an accurate survey of the Property would show;

(c) Covenants, restrictions, easements, and public utility agreements of record, if any;

(d) Building and zoning ordinances or codes of the municipality, or any of its agencies or instrumentalities, in which the mortgaged Property are located, and possible violations of such ordinances or codes;

(e) Any rights of tenants or persons in possession of the Property;

(f) Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale; and

(g) Prior lien(s) of record, if any.

53. In the event Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not

be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce the other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

  **WHEREFORE**, Plaintiff respectfully requests:

(a)   That the defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold, according to law, in "as is'' physical order and condition, subject to the items set forth in paragraph 52 of this Complaint; that the monies arising from the sale thereof may be brought into Court; that Plaintiff may be paid the amount due on the Note, Mortgage, Loan Agreement, and other Loan Documents, with interest, default interest, late charges to the time of such payment, exit fees, and the expenses of such sale, including attorneys' fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the Loan Documents or to protect the lien of the Mortgage and the sums which may have been paid by Plaintiff to protect the security afforded by the Mortgage and the liens thereon to be paid, together with interest upon those sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that, upon application by Plaintiff, this Court forthwith appoint a receiver of the rents and profits of the Property, during the pendency of

this action with the usual powers and duties; and that Borrower be adjudged to pay the residue, or so much thereof as permitted under the Loan Documents or the Court determines to be just and equitable, of the Debt remaining unsatisfied and deficient after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment; that in the event that Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint but that Plaintiff shall be permitted to enforce the other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings; and that Plaintiff may have such other and further relief as may be just and equitable;

(b) Plaintiff's costs and disbursements of this action, including attorneys' fees; and

(c) Such other and further relief as the Court may deem just and proper.

Dated: November 22, 2016  
New York, New York

Respectfully submitted,

VENABLE LLP

By:     */s/Rishi Kapoor*  
Rishi Kapoor  
Rockefeller Center  
1270 Avenue of the Americas, 24th Floor  
New York, New York 10020  
Telephone: (212) 307-5500

-and-

Gregory A. Cross (to be admitted *pro hac vice*)  
Heather Deans Foley (to be admitted *pro hac vice*)  
Venable LLP  
750 East Pratt Street, Suite 900  
Baltimore, Maryland 21202  
Telephone: (410) 244-7400

*Counsel for Plaintiff*