# EXHIBIT A

# CONSOLIDATED, AMENDED AND RESTATED PROMISSORY NOTE

$110,000,000.00

New York, New York
March 9, 2005

     **THIS CONSOLIDATED, AMENDED AND RESTATED NOTE** (this "Note") is made this March 9, 2005 by and between **390 PARK AVENUE ASSOCIATES, LLC**, a Delaware limited liability company, as maker, having its principal place of business at c/o RFR Holding LLC, 390 Park Avenue, 3rd Floor, New York, New York 10022 ("Borrower") and **COLUMN FINANCIAL, INC.**, a Delaware corporation, as payee, having an address at 11 Madison Avenue, New York, New York 10010 ("Lender").

## R E C I T A L S

     WHEREAS, Lender is the owner and holder of certain mortgages as more particularly described in Schedule I attached hereto (hereinafter referred to as the "Original Mortgages") and of the notes, bonds or other obligations secured thereby (hereinafter referred to as the "Original Notes");

     WHEREAS, there is now owing on the Original Notes and the Original Mortgages the unpaid principal sum of **ONE HUNDRED TEN MILLION AND NO/100 DOLLARS ($110,000,000.00)**, together with interest;

     WHEREAS, in connection with the making of a loan (the "Loan") in the aggregate principal amount of **ONE HUNDRED TEN MILLION AND NO/100 DOLLARS ($110,000,000.00)** by Lender to Borrower, Borrower has agreed to (i) continue its obligations under the Original Notes and has requested that Lender consolidate the Original Notes and amend and restate the terms and provisions of the Original Notes into this Note, and (ii) continue its obligations under the Original Mortgages; and has requested that Lender spread, consolidate and modify the Original Mortgages into that certain Consolidated, Amended and Restated Leasehold Mortgage and Security Agreement of even date herewith (the "Mortgage").

     **NOW, THEREFORE**, by Borrower's execution and delivery, and Lender's acceptance of delivery from Borrower, of this Note, this Note is deemed to amend, modify, restate and consolidate the Original Notes and the Original Notes are hereby amended, modified and restated in their entirety, and consolidated, so that this Note shall hereafter constitute evidence of but one debt and the terms, covenants, agreements, rights, obligations and conditions contained in this Note shall supersede and control the terms, covenants, agreements, rights, obligations and conditions of the Original Notes (it being agreed that the consolidation of the Original Notes shall not impair the debt evidenced by each of the Original Notes), as follows:

     **FOR VALUE RECEIVED** Borrower, as maker, hereby unconditionally promises to pay to the order of Lender, as payee, at 11 Madison Avenue, New York, New York 10010, or at such other place as the holder hereof may from time to time designate in writing, the principal sum of **ONE HUNDRED TEN MILLION AND NO/100 DOLLARS**

9800701.3

($110,000,000.00), in lawful money of the United States of America with interest thereon to be computed from the date of this Note at the Applicable Interest Rate, and to be paid in accordance with the terms of this Note and that certain Loan Agreement, dated the date hereof, between Borrower and Lender (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "Loan Agreement"). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

ARTICLE I

PAYMENT TERMS

Borrower agrees to pay the principal sum of this Note and interest on the unpaid principal sum of this Note from time to time outstanding at the rates and at the times specified in Article 2 of the Loan Agreement and the outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date.

ARTICLE II

DEFAULT AND ACCELERATION

The Debt shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default.

ARTICLE III

LOAN DOCUMENTS

This Note is secured by the Mortgage and the other Loan Documents. All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

ARTICLE IV

SAVINGS CLAUSE

Notwithstanding anything to the contrary, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Lender shall never exceed the Maximum Legal Rate, (b) in calculating whether any interest exceeds the Maximum Legal Rate, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender and (c) if through any contingency or event Lender receives or is deemed to receive interest in excess of the Maximum Legal Rate, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender.

## ARTICLE V

## NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE VI

## WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind (other than notices expressly provided for in the Loan Documents, if any). No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower, and any other Person who may become liable for the payment of all or any part of the Debt, under this Note, the Loan Agreement or the other Loan Documents. No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents. If Borrower is a partnership, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals or entities comprising the partnership, and the term "Borrower," as used herein, shall include any alternate or successor partnership, but any predecessor partnership and their partners shall not thereby be released from any liability (except as expressly provided for in the Loan Documents). If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "Borrower" as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder (except as expressly provided for in the Loan Documents). If any Borrower is a limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the members comprising the limited liability company, and the term "Borrower" as used herein, shall include any alternate or successor limited liability company, but any predecessor limited liability company and their members shall not thereby be released from any liability (except as expressly provided for in the Loan Documents). Nothing in the foregoing three sentences shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, corporation or limited liability company, as applicable, which may be set forth in the Loan Agreement or any other Loan Document.

## ARTICLE VII

## TRANSFER

Upon the transfer of this Note, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter arising from and after the date of such transfer; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

## ARTICLE VIII

## EXCULPATION

The provisions of Section 9.4 of the Loan Agreement are hereby incorporated by reference into this Note to the same extent and with the same force as if fully set forth herein.

## ARTICLE IX

## GOVERNING LAW

This Note shall be governed in accordance with the terms and provisions of Section 10.3 of the Loan Agreement.

## ARTICLE X

## NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 10.6 of the Loan Agreement.

[NO FURTHER TEXT ON THIS PAGE]

IN WITNESS WHEREOF, Borrower and Lender have duly executed this Consolidated, Amended and Restated Promissory Note as of the date first above written.

**390 PARK AVENUE ASSOCIATES, LLC,**
a Delaware limited liability company

By: _____
    Name: GRAHAM OBRIEN
    Title: VICE PRESIDENT

**COLUMN FINANCIAL, INC.,**
a Delaware corporation

By: _____
    Name:
    Title:

**IN WITNESS WHEREOF**, Borrower and Lender have duly executed this Consolidated, Amended and Restated Promissory Note as of the date first above written.

**390 PARK AVENUE ASSOCIATES, LLC,**
a Delaware limited liability company


By:_____
    Name:
    Title:


**COLUMN FINANCIAL, INC.,**
a Delaware corporation


By:_____
    Name:
    Title: Priscilla Horning,
         Vice President

9800701.

# SCHEDULE I

## Schedule of Original Mortgages

1. Leasehold Mortgage, Security Agreement and Fixture Filing made by 390 Park Avenue Associates, LLC to Landesbank Hessen-Thuringen Girozentrale in the principal amount of $12,000,000.00, dated as of February 16, 1999 and recorded March 4, 199 in the Office of the City Register of the County of New York (the "Recorder's Office") in Real 2830, Page 95;

   which mortgage in the full amount of $12,000,000.00 was assigned by Landesbank Hessen-Thuringen Girozentrale to Westdeutsche Immobilienbank, as Administrative Agent for Lender, by Assignment of Mortgage dated as of September 22, 1999 and recorded in the Recorder's Office on October 11, 2000 in Reel 3172, Page 1949.

2. Mortgage made by 390 Park Avenue Associates, LLC to Westdeutsche Immobilienbank, as Administrative Agent for Lender, in the principal amount of $61,000,000.00 plus interest, dated as of September 22, 2000 and recorded in the Recorder's Office on October 11, 2000 in Reel 3172, Page 1956;

   which mortgage and mortgage described in Paragraph 1 above were consolidated by Consolidated, Amended and Restated Leasehold Mortgage, Extension, Assignment of Leases and Rents and Security Agreement between Westdeutsche Immobilienbank, as Administrative Agent for Lender, and 390 Park Avenue Associates, LLC dated as of September 22, 2000 and recorded in the Recorder's Office on October 11, 2000 in Reel 3172, Page 1965 to form a single mortgage lien of $73,000,000 and interest;

   which mortgages, as amended, restated and consolidated, were assigned by Westdeutsche Immobilienbank, as Administrative Agent for Lender to Column Financial, Inc., by Assignment of Mortgage dated as of March 9, 2005 and to be recorded in the Recorder's Office.

3. Leasehold Mortgage made by 390 Park Avenue Associates, LLC to Column Financial, Inc., dated as of March 9, 2005, securing the sum of $44,777,101.30 and interest thereon, and to be recorded in the Recorder's Office.

# ALLONGE

This Allonge is made to that certain Consolidated, Amended and Restated Promissory Note dated the ___ day of March, 2005, in the principal sum of ONE HUNDRED TEN MILLION AND NO/100 DOLLARS ($110,000,000.00) executed by 390 PARK AVENUE ASSOCIATES, LLC, a Delaware limited liability company, and made payable to the order of COLUMN FINANCIAL, INC., a Delaware corporation.

Pay to the order of [*] _____, without recourse or warranty.

Dated: _____ ___, 200__

                                        **COLUMN FINANCIAL, INC.,**
                                        a Delaware corporation

By: _____
     Name: Priscilla Horning,
     Title: Vice President

[*] Wells Fargo Bank, N.A., as trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-C2

9824290.1