USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/21/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                  :
WELLS FARGO BANK, N.A.,               :
                                Plaintiff,   :
                                                  :            16 Civ. 9112 (LGS)
               -against-                       :
                                                  :            **OPINION AND ORDER**
390 PARK AVENUE ASSOCIATES , LLC, et   :
al.,                                                       :
                                     Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), as Trustee for a commercial mortgage-backed security trust, brings this action "by and through" its Special Servicer CWCapital Asset Management LLC ("CWCapital") to foreclose a commercial mortgage loan. Defendant 390 Park Avenue Associates, LLC ("390 Park") moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, 390 Park's motion is denied.

I. **BACKGROUND**

        The following facts are taken from the Complaint and documents submitted on this motion. The facts are construed in the light most favorable to Plaintiff. *See McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016).

        On March 9, 2005, 390 Park entered into a Note and Loan Agreement evidencing a $110 million loan from Column Financial, Inc. (the "Original Lender"). On the same day, 390 Park and the Original Lender entered into several other agreements to secure the loan, including a mortgage agreement granting the Original Lender a first priority lien on certain real property commonly known as The Lever Building located at 390 Park Avenue; a guaranty agreement; and an assignment of leases and rents (collectively with the Note and Loan Agreement, the "Loan

Documents"). Effective May 26, 2005, the Original Lender assigned "all the right, title and interest" in the Loan Documents to Plaintiff as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-C2 (the "Trust").

The Trust is referred to generally as a commercial mortgage-backed securities trust. More precisely, it is a New York common law trust designated as a real estate mortgage investment conduit ("REMIC") for federal income tax purposes. The "Trust Fund" consists of commercial and multifamily loans, including the loan to 390 Park. The beneficiaries of the Trust are the "Certificateholders."

The Trust is governed by a Pooling and Servicing Agreement ("PSA"), which divides responsibility for the management of the Trust among three parties -- the Trustee, the Master Servicer and the Special Servicer. The Trustee is charged with "hold[ing] the Trust Fund in trust for the exclusive use and benefit of all present and future Certificateholders." Any transfer of mortgage loans to the Trustee for inclusion in the Trust Fund is "absolute" and "intended by the parties to constitute a sale." The Trustee "may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through agents or attorneys," including, in the event a default occurs, the commencement of legal proceedings. The Special Servicer is generally responsible for administration of defaulted loans and is specifically authorized "to foreclose upon or otherwise comparably convert . . . the ownership of any property securing such Loans." Before initiating a foreclosure action, however, the Special Servicer must obtain the consent of the "Directing Certificateholder."

The PSA also limits the control Certificateholders may exercise over the Trust. Subject to certain exceptions, Certificateholders do not have a right to vote or otherwise control the

operation or management of the Trust Fund. Additionally, Certificateholders may not take legal action with respect to any loan held in the Trust Fund unless a specified percentage of Certificateholders have made written demand on the Trustee and the Trustee has refused to file suit in its own name.

390 Park defaulted on its loan by failing to pay the full amount due on or before the maturity date, which was March 11, 2015. On March 19, 2015, counsel for CWCapital, acting "on behalf of the Trust," sent a default notice to 390 Park demanding payment of the outstanding amounts due under the Loan Documents. On November 22, 2016, Wells Fargo commenced this action in its own name as Trustee, by and through CWCapital, its Special Servicer. The Complaint alleges that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a) in that this action is between citizens of different states -- Wells Fargo is a citizen of South Dakota, while none of the defendants[1] is -- and the amount in controversy exceeds $75,000.

## II. STANDARD

In deciding motions to dismiss under Rule 12(b)(1), a court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *McGowan*, 825 F.3d at 125. The plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. *Id.* "When subject matter jurisdiction is challenged, we are free to consider materials extrinsic to the complaint." *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002); *accord Devi v. Silva*, 861 F. Supp. 2d 135, 143–44 (S.D.N.Y. 2012) (citing *Moser*).

---

[1] In addition to 390 Park, the Complaint names as defendants eight entities that have mechanic's liens or other claims on the property.

## III. DISCUSSION

390 Park's motion to dismiss for lack of subject matter jurisdiction is denied. Wells Fargo, as Trustee, is a real and substantial party to the controversy, and therefore its citizenship is used to assess diversity jurisdiction. Because the Complaint adequately alleges diversity of citizenship between Plaintiff and all Defendants and the amount in controversy requirement is met, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). The diversity of citizenship must be "complete" in the sense that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014).

The Complaint alleges, and 390 Park does not dispute, that the amount in controversy here exceeds $75,000. 390 Park also does not dispute that there is complete diversity of citizenship between Wells Fargo, the nominal plaintiff here, and all Defendants. The issue is whether it is Wells Fargo's citizenship that determines diversity where, as here, it is suing "as Trustee" and "by and through its Special Servicer."

"[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980); *accord Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 218 (2d Cir. 2013). "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro*, 446 U.S. at 464. In *Navarro*, the Supreme Court found the trustee possessed those customary powers based on its authority under the declaration of trust "to take legal title to trust assets, to

4

invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Id.*

Here, the PSA grants the Trustee substantially the same powers that the trustee in *Navarro* had. The PSA provides that the transfer of loans to the Trustee is "absolute" and conveys "all the right, title and interest" in the loans; that the Trustee shall "hold the Trust Fund in trust for the exclusive use and benefit of all present and future Certificateholders"; and that the Trustee may sue to enforce payment or performance on the loans. The Trustee -- Wells Fargo -- therefore is a "real and substantial" party to the controversy and its citizenship is considered for purposes of assessing diversity jurisdiction. *See Wells Fargo Bank, N.A., Tr. v. Konover*, No. 05 Civ. 1924, 2009 WL 2710229, at *3 (D. Conn. Aug. 21, 2009) (Droney, J.) (holding that Wells Fargo, as trustee, was the real and substantial party to the controversy because the PSA granted it the customary powers described in *Navarro*), *aff'd sub nom. Wells Fargo Bank, N.A. v. Konover Dev. Corp.*, 630 F. App'x 46 (2d Cir. 2015); *see also U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 607–08 (S.D.N.Y. 2012) (same as to U.S. Bank as trustee); *U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 409–10 (S.D.N.Y. 2016) (same).

"[W]hen a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs . . . ." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 465); *cf. also Raymond Loubier Irrevocable Trust v. Loubier*, --- F.3d ----, 15-802-CV, 2017 WL 2366498, at *7, *10 (2d Cir. June 1, 2017) (quoting *Americold* and holding that the citizenship of a traditional trust, which can be sued only in the name of its trustee, is the citizenship of the trustee). Wells Fargo is a citizen of South Dakota. The Complaint alleges that none of the defendants is a citizen of South Dakota. Accordingly, the

Complaint adequately alleges that complete diversity exists and the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

390 Park's arguments for considering the citizenship of CWCapital, as the Special Servicer, or the Certificateholders, as the beneficiaries of the trust, are unpersuasive. That this action is brought "by and through" CWCapital as the Special Servicer does not undermine the conclusion that the Trustee is a real and substantial party. *See Konover*, 2009 WL 2710229, at *4 ("[D]elegation to a servicer is not relevant [to the real and substantial party inquiry] because, in so delegating, the Trustee does not relinquish the powers it holds as Trustee."). Nor is CWCapital an additional real and substantial party for purposes of assessing diversity. In considering whether a plaintiff is a real and substantial party,

> a crucial distinction must be made between a plaintiff who sues solely in his capacity as an agent, on the one hand, and, on the other, a plaintiff who sues not only as an agent, but also as an individual who has his own stake in the litigation. . . . [W]here a plaintiff brings a suit solely in his representative capacity, the citizenship of the represented party, and not that of the representative, controls.

*Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003). Here, the PSA dictates CWCapital's role in this action, which is to represent the Trustee, the real party in interest, in certain dealings related to the loans held by the Trustee. CWCapital has no other stake in the litigation, notwithstanding its option under the PSA to acquire defaulted loans if certain conditions are met, and thus does not qualify as a real and substantial party. *See Nesbitt*, 859 F. Supp. 2d at 609 (the special servicer "does not have 'its own stake in the litigation' apart from its duties under the PSA").

The citizenship of the Certificateholders also is irrelevant to the diversity assessment. The Supreme Court in *Navarro* held that the citizenship of the plaintiff trustees, and not that of the trust's beneficiaries, determines whether diversity exists -- at least where the plaintiffs are

"active trustees" who exercise certain customary powers and not "naked trustees" who "act as 'mere conduits' for a remedy flowing to others." 446 U.S. at 464–65. The Second Circuit also recently held that "traditional common law trusts" cannot sue or be sued except through their trustees, and "[t]hus it is the trustees' citizenship that must determine diversity, not the citizenship of trust beneficiaries." *Loubier*, 2017 WL 2366498, at *9–10. Here, the Trust is a New York common law trust, and as explained above, Plaintiff exercises the customary powers described in *Navarro*, including the power to sue to enforce the loans. Although 390 Park notes that the PSA imposes a limitation on that particular power -- the Directing Certificateholder must give consent before a foreclosure action is initiated -- the Trustee nonetheless has the power to bring suit in its name on behalf of the trust. Additionally, the plaintiff trustees in *Navarro* were not without limitations; the declaration of trust in that case gave the beneficiaries "substantial control over the actions of [the] trustees." 446 U.S. at 469 (Blackmun, J., dissenting).

Finally, 390 Park's allegation that Wells Fargo and CWCapital colluded to establish diversity jurisdiction is irrelevant for several reasons. First, *Loubier* held that a traditional trust can sue only through its trustee, 2017 WL 2366498, at *10, so naming the trustee as the plaintiff cannot be considered a product of collusion. Second, including CWCapital in the diversity analysis would not change the outcome because, as explained above, CWCapital is acting solely in a representative capacity here. *See Oscar Gruss*, 337 F.3d at 194 ("[W]here a plaintiff brings a suit solely in his representative capacity, the citizenship of the represented party, and not that of the representative, controls."). Third, because Wells Fargo is a real and substantial party to the controversy and has authority under the PSA to control the litigation, a strategic choice to name Wells Fargo as the plaintiff instead of CWCapital would not be collusive. *See id.* at 195 ("Where multiple parties all have a financial interest in a lawsuit, a strategic choice of parties in

7

order to maintain diversity is *not* considered to be collusive so long as the party chosen to bring the suit is in fact the *master of the litigation.*"). *Accord Nesbitt*, 859 F. Supp. 2d at 609 (concluding that alleged collusion between trustee and special servicer was irrelevant to diversity analysis).

The Complaint adequately alleges diversity of citizenship between Plaintiff Wells Fargo -- the real and substantial party to the controversy -- and Defendants. The Court therefore has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## IV. CONCLUSION

For the foregoing reasons, Defendant 390 Park Avenue Associates LLC's motion to dismiss for lack of subject matter jurisdiction is DENIED, and its motion for oral argument is DENIED as moot.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 28 and 48.

Dated: June 21, 2017
      New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**