UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-C2, BY AND THROUGH ITS SPECIAL SERVICER, CWCAPITAL ASSET MANAGEMENT LLC, <br><br>  Plaintiff, <br><br> - against - <br><br> 390 PARK AVENUE ASSOCIATES, LLC; *et al.*, <br><br>  Defendants. | 16-cv-09112 (LGS) <br><br> Oral Argument Requested |

**DEFENDANT 390 PARK AVENUE ASSOCIATES, LLC'S RESPONSE TO PLAINTIFF'S COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56.1 of this Court and Paragraph III.C.6 of Your Honor's Individual Rules and Procedures for Civil Cases, Defendant 390 Park Avenue Associates, LLC ("390 Park"), by and through its undersigned counsel, respectfully submits this response to the counter-statement of additional material facts submitted by Plaintiff Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-C2, by and through its Special Servicer, CWCapital Asset Management LLC ("Plaintiff" or the "Trust") (Dkt. 145, at ¶¶65-70).[1]

---

[1] References to "Loffler Decl., Ex." are to exhibits attached to the Declaration of Jesse Ryan Loffler in support of 390 Park's motion for summary judgment ("Loffler Decl.") (Dkt. 140), the Declaration of Mark S. Weiss ("Weiss Decl.") (Dkt. 139), each dated March 15, 2018. References to "Hundertmark Decl., Ex." are to the exhibits to the Declaration of Andrew J. Hundertmark in support of plaintiff's motion for summary judgment (Dkt. 133), and "Foley Supp. Decl., Ex." are to the exhibits to the Supplemental Declaration of Heather Deans Foley in support of Plaintiff's motion for summary judgment and in opposition to Defendant's cross-motion for summary judgment (Dkt. 144).

1

390 PARK'S RESPONSES TO PLAINTIFF'S COUNTER-STATEMENT
OF ADDITIONAL UNDISPUTED MATERIAL FACTS

65. The PSA provides for the conveyance to Wells Fargo, as Trustee, of "all the right, title and interest of the Depositor . . . in, to and under (i) the Loans identified on the Mortgage Loan Schedule, (ii) the Mortgage Loan Purchase Agreements, and (iii) all other assets included or to be included in the Trust Fund." *See* Hundertmark Decl., Ex. 7 (PSA §2.01(b)).

> **390 Park's Response to Paragraph 65:** Disputed to the extent that (i) Plaintiff is selectively quoting language from section §2.01(a) of the PSA (not §2.01(b), which Plaintiff cites); and (ii) Paragraph 65 contains legal conclusions regarding obligations under the PSA, to which 390 Park is not a signatory, and whether certain loan documents, including those at issue in this litigation, were properly assigned or transferred to the Trust. Not disputed to the extent that Plaintiff selectively but correctly quotes language from section §2.01(a) of the PSA (not §2.01(b)), and 390 Park respectfully refers the Court to the PSA for a complete and accurate statement of its contents. *See* **Hundertmark Decl., Ex. 7 (PSA §2.01(a)).**

66. The PSA requires the physical delivery of the mortgage loans to Wells Fargo, as Trustee. *See* Hundertmark Decl., Ex. 7 (PSA §2.01(b)).

> **390 Park's Response to Paragraph 66:** Disputed to the extent that (i) Plaintiff is selectively paraphrasing language from section §2.01(b) of the PSA, a provision of the PSA that spans three pages and also governs the delivery of numerous documents, the time periods for such delivery, and circumstances in which originals could not be delivered; and (ii) Paragraph 66 contains legal conclusions regarding obligations under the PSA, to which 390 Park is not a signatory, and whether

**certain loan documents, including those at issue in this litigation, were properly assigned or transferred to the Trust.  Not disputed to the extent that section §2.01(b), subject to, *inter alia*, the other language and obligations discussed above, contemplates the delivery of certain loan documents, but 390 Park respectfully refers the Court to the PSA for a complete and accurate statement of its contents. *See* Hundertmark Decl., Ex. 7 (PSA §2.01(b)).**

67. The PSA requires Wells Fargo, as Trustee, to cause certain assignments to be submitted for recording or filing no later than the later of (i) 120 days after the Closing Date (as defined in the PSA) or (ii) 60 days from receipt of the documents in recordable form.  *See* Hundertmark Decl., Ex. 7 (PSA §2.01(c)).

> **390 Park's Response to Paragraph 67:  Disputed to the extent that (i) Plaintiff is selectively paraphrasing language from section §2.01(c) of the PSA, a provision of the PSA that also governs, *inter alia*, the recordation or filing of other documents, remedies in the event that documents are lost or returned unrecorded or unfiled, and the optional retention of third party contractors to perform these tasks; and (ii) Paragraph 67 contains legal conclusions regarding obligations under the PSA, to which 390 Park is not a signatory, and whether certain loan documents, including those at issue in this litigation, were properly assigned, transferred, recorded, or filed.  Not disputed to the extent that section §2.01(b), subject to, *inter alia*, the other language and obligations discussed above, contemplates the recordation of certain loan documents, but 390 Park respectfully refers the Court to the PSA for a**

**complete and accurate statement of its contents.  *See* Hundertmark Decl., Ex. 7 (PSA §2.01(c)).**

68.     The PSA requires Wells Fargo, as Trustee, to establish and maintain certain accounts for the benefit of the Certificateholders, including making deposits to and withdrawals from those accounts. See Foley Supp. Decl., Ex. 19 (PSA §§3.04(b)-(e) and (j), and §3.05(b)).

**390 Park's Response to Paragraph 68:  Disputed to the extent that (i) Plaintiff is selectively paraphrasing language from sections §§3.04(b)-(e) and (j), and §3.05(b) of the PSA, provisions of the PSA (§§3.04 and 3.05) that also govern numerous other accounts and responsibilities including those that belong to the servicers; and (ii) Paragraph 68 contains legal conclusions regarding obligations under the PSA, to which 390 Park is not a signatory, relating to the various accounts and Trust-level flow of funds.  Not disputed to the extent that certain subsections of sections §§3.04 and 3.05, subject to, *inter alia*, reference the trustee in the context of certain bank accounts and ministerial tasks of establishing those accounts (including those which are to have funds calculated and deposited by the servicers), but 390 Park respectfully refers the Court to the PSA for a complete and accurate statement of its contents.  *See* Foley Supp. Decl., Ex. 19 (PSA §§3.04; 3.05).**

69.     The PSA empowers Wells Fargo, as Trustee, to institute and prosecute the appropriate proceedings to enforce payment or performance as necessary with respect to any Permitted Investment (as that term is defined in the PSA).  *See* Foley Supp. Decl., Ex. 19 (PSA §3.06(c)).

**390 Park's Response to Paragraph 69:  Disputed to the extent that (i) Plaintiff is selectively paraphrasing language from section §3.06(c) of the PSA, a provision of the PSA that also empowers the <u>certificateholders</u> to direct the institution and prosecution of proceedings relating to Permitted Investments; and (ii) Paragraph 69 contains legal conclusions regarding obligations under the PSA, to which 390 Park is not a signatory, regarding Permitted Investments.  Not disputed to the extent that section §3.06(c), subject to, *inter alia*, the other language and obligations discussed above, reference the trustee in the context of proceedings regarding the Permitted Investments (which are not at issue in this case), but 390 Park respectfully refers the Court to the PSA for a complete and accurate statement of its contents.  *See* Foley Supp. Decl., Ex. 19 (PSA § 3.06(c)).**

70.     The PSA acknowledges the ability of Wells Fargo, as Trustee, to initiate a lawsuit in its own name, while proscribing Certificateholders from filing a lawsuit unless (i) twenty-five percent of a class of Certificateholders requests that the Trustee initiate litigation and (ii) the Trustee refuses to file the lawsuit in its own name.  *See* Foley Supp. Decl., Ex. 20 (PSA §10.03(c)).

**390 Park's Response to Paragraph 70:  Disputed to the extent that (i) Plaintiff is selectively paraphrasing language from section §10.03(c) of the PSA, a provision of the PSA deals with the Certificateholders ability to force the trustee to file litigation against its will (rather than a grant of authority for Wells Fargo to file a lawsuit), which has no bearing on this litigation (unless Plaintiff is conceding that the certificateholders did in fact force the filing of this litigation); (ii) Sections 3.01(b),**

3.10(c) and 3.21(e) gives the Special Servicer, not the trustee, the obligation and "full power and authority, acting alone" (§3.01(b)) to file for foreclosure and only with the consent of the Directing Certificateholder; and (iii) Paragraph 70 contains legal conclusions regarding obligations under the PSA, to which 390 Park is not a signatory, regarding the commencement and prosecution of litigation.  390 Park respectfully refers the Court to the PSA for a complete and accurate statement of its contents.  *See* **Foley Supp. Decl., Ex. 20 (PSA §10.03(c)); Loffler Decl., Ex. 6 (PSA §§3.01(b); 3.10(c); 3.21(e)).**

| | |
|---|---|
| Dated:  Pittsburgh, Pennsylvania<br>April 30, 2018 | Respectfully submitted,<br><br>COZEN O'CONNOR<br><br>By:   s/ Jesse Ryan Loffler  <br>          Jesse Ryan Loffler<br><br>One Oxford Centre<br>301 Grant Street, 26th Floor<br>Pittsburgh, Pennsylvania 15219<br>(412) 620-6500<br>jloffler@cozen.com<br><br>*Attorneys for Defendant<br>  390 Park Avenue Associates, LLC,* |

OF COUNSEL:

Janice Mac Avoy
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York 10004
(212) 859-8000

Raymond N. Hannigan
HERRICK FEINSTEIN LLP
Two Park Avenue,
New York, New York 10016
(212) 592-1500

K. Heather Robinson
HERRICK FEINSTEIN LLP
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

*Attorneys for Defendant*
*390 Park Avenue Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, I served a copy of the foregoing Defendant 390 Park Avenue Associates, LLC's Response to Plaintiff's Counter-Statement of Undisputed Material Facts in Opposition to Defendant's Motion for Summary Judgment on the following via electronic delivery:

Rishi Kapoor
Venable LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone: (212) 307-5500
Email: rkapoor@venable.com

Gregory A. Cross
Heather Deans Foley
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
Email:  gacross@venable.com
Email:  hdfoley@venable.com

*Attorneys for Plaintiff*

                                                                            __s/ Jesse Ryan Loffler_____
                                                                            Jesse Ryan Loffler